UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**BUSHRA AL-NAJAAR,**

        **Plaintiff(s),**        **CASE NUMBER: 07-15074**
                                   **HONORABLE VICTORIA A. ROBERTS**

**v.**

**U.S.C.I.S.,**

        **Defendant(s).**
_____/

**ORDER**

This matter is before the Court on Defendant United States Citizenship and Immigration Services Motion to Dismiss. Defendant moves for dismissal of Plaintiff Bushra Al-Najaar's Complaint on the ground that it is moot. Plaintiff did not respond to the motion. For the reasons stated below, Defendant's motion is **GRANTED**.

Plaintiff, who proceeds *in pro per*, is an Iraq refugee. She became a permanent resident in 1994 and applied for naturalization in September 1999. In September 2000, Plaintiff was advised that she was not eligible for naturalization because she could not demonstrate an ability to speak, read, and write the English language, and her requests for a medical or disability waiver were deemed insufficient. Plaintiff requested a hearing on her denial. At the hearing in 2001, she again requested a medical waiver to excuse her from taking the history and English test. After submitting additional documentation to support the request, she says (in her Complaint) that she was advised in 2002 that she would get a written decision. Between then and her filing of the Complaint on

1

November 29, 2007, Plaintiff did not get a written decision, but she says she learned to read English sufficiently to take the tests. Defendant suggests the delay was due at least in part to the fact that the doctor who signed her request for medical waiver was investigated, and ultimately indicted in 2002, for fraudulently preparing waivers for naturalization applicants. Presumably pursuant to 8 U.S.C. §1447(b), Plaintiff filed this action asking that the Court either assist her in getting her application approved or compel Defendant to schedule her for the tests.

Defendant interviewed Plaintiff on her naturalization application on March 3, 2008, during which she was given an opportunity to pass the English, history and government portions of the naturalization examination. However, the Government says Plaintiff did not pass the tests and did not present an acceptable medical waiver. So, her naturalization application was denied. *See* Def. Exh. A. Because Plaintiff received the relief she requested, Defendant contends her Complaint must be dismissed as moot. The Court agrees.

"[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v McCormack,* 395 U.S. 486, 496 (1969). "[A] federal court has no authority to render a decision upon moot questions or declare rules of law that cannot affect the matter at issue." *Cleveland Branch, NAACP v City of Parma*, 263 F.3d 513, 530 (6th Cir. 2001). Inasmuch as Plaintiff has taken the naturalization tests and Defendant rendered a decision on her application, Plaintiff's claims are now moot. Defendant's motion is **GRANTED**.

**IT IS ORDERED**.

S/Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated: May 27, 2008

---

The undersigned certifies that a copy of this document was served on the attorneys of record and pro se plaintiff by electronic means or U.S. Mail on May 27, 2008.

s/Carol A. Pinegar  
Deputy Clerk

---